O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VOGEL, | Case No. CV 15-02992 DDP (PLAx) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | [Dkt. No. 14] |
| W.K.S. RESTAURANT CORPORATION dba EL POLLO LOCO #3545; MENG LIN ZHANG, TRUSTEE OF THE ZHANG FAMILY TRUST DATED AUGUST 6, 2013, | |
| Defendants. | |

Plaintiff alleges certain architectural/design deficiencies at Defendants' restaurant that constitute barriers to access for the disabled, in violation of the Americans with Disabilities Act ("ADA") and state disability laws. (Compl. generally.) Jurisdiction is premised solely on the presence of a federal question (allowing supplemental jurisdiction over the state law claims). (Id. at ¶¶ 3-5.) Defendants move to dismiss Plaintiff's complaint, arguing that there is no longer a case or controversy because the alleged deficiencies have been corrected and the ADA

allows only for prospective injunctive relief. (Dkt. No. 14.)

At the motion to dismiss stage, a court must normally assume that "all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Where a defendant attacks the underlying facts supporting jurisdiction, however, the court may resolve the issue by reference to extrinsic evidence – but *only* if the factual inquiry is not "intertwined" with the merits of the plaintiff's claims. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). Dismissals as to federal question jurisdiction, in particular, are "exceptional" and will only be justified where "the alleged claim under the . . . federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." Id. (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

Here, the jurisdictional question of whether the architectural barriers to disabled access exist is not just "intertwined" with the merits of Plaintiff's ADA claim – it *is* the claim. For the Court to resolve the key questions of fact at this stage is therefore inappropriate. Nor is it apparent that the claim is made solely for the purpose of obtaining federal jurisdiction, or frivolous. In such cases, "the court may assume jurisdiction and go on to determine the relevant jurisdictional facts on either a motion going to the merits or at trial." Roberts, 812 F.2d at 1178

///
///
///

```
 1   (citing Augustine v. United States, 704 F.2d 1074, 1077 (9th
 2   Cir.1983)) (internal quotation marks omitted).
 3        The motion is therefore DENIED.
 4
 5
 6   IT IS SO ORDERED.
 7
 8
 9   Dated: August 18, 2015
10                                     DEAN D. PREGERSON
                                       United States District Judge
11
12
...
28
```